Cite as 2021 Ark. App. 419

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** E–21–81

| | |
|---|---|
| AMANDA SHARUM<br><div align="right">APPELLANT</div><br>V.<br><br>DIRECTOR, ARKANSAS DEPARTMENT OF COMMERCE, DIVISION OF WORKFORCE SERVICES<br><div align="right">APPELLEE</div> | **Opinion Delivered** November 3, 2021<br><br>APPEAL FROM THE ARKANSAS BOARD OF REVIEW<br>[NO. 2021-BR-00079]<br><br><br><br><br>REMANDED TO SUPPLEMENT THE RECORD |

## BRANDON J. HARRISON, Chief Judge

This appeal involves a Sonic employee who was furloughed and then applied for Pandemic Unemployment Assistance (PUA). On 10 August 2020, the State of Arkansas Department of Commerce, Division of Workforce Services, mailed a "Notice of Determination of Entitlement" to Amanda Sharum. The notice denied Sharum PUA benefits because she was not a "covered individual within the meaning of Section 2102(a)(3) of the CARES Act." The agency designated Sharum's status as "Non-U.I. Eligible" by checking a particular box on the notice. The notice stated that, under Ark. Code Ann. § 11-10-524(a) (Supp. 2021), Sharum had twenty calendar days to appeal the agency's determination and that "[m]ore information regarding the unemployment insurance program may be found in the PUA handbook at www.dws.arkansas.gov or your local office."

Three days later, on August 13, Sharum appealed the denial of PUA benefits to the Arkansas Appeal Tribunal. After conducting a hearing on November 10, the Tribunal issued a written decision (dated November 17) denying Sharum PUA because she "has not first filed for regular unemployment benefits." The Tribunal's decision would become final unless Sharum appealed it to the Arkansas Board of Review within twenty days.

On 14 December 2020, the Board received Sharum's untimely appeal of the Tribunal's decision. According to the Board, Sharum's appeal was filed on December 14 but was due no later than December 7. In her petition, Sharum stated that she was appealing the "skipped step of filing unemployment before filing PUA" and stated that she had now "done everything" that she had been told to do. On 25 January 2021, Sharum was given a telephone hearing to establish whether the late filing of the appeal was the result of a circumstance beyond her control. Not long after, the Board issued a decision finding that

> the evidence does not establish by a preponderance that the late filing of the appeal to the Board was due to circumstances beyond [Sharum's] control. The Board notes that the claimant could have filed an appeal of the Appeal Tribunal decision, but waited until she obtained a determination from the Division that found she was not eligible for regular unemployment and then she filed an appeal of the Appeal Tribunal decision. That decision was a circumstance within her control.

Sharum has timely appealed to this court the Board's 28 January 2021 decision and asks that her eligibility for PUA be redetermined pursuant to Ark. Code Ann. § 11-10-522(f) (Supp. 2021).

We cannot decide the merit of Sharum's appeal now because the record is missing two important documents: (1) the transcript of the Tribunal's 10 November 2020 hearing; and (2) the PUA handbook referenced in the agency's 10 August 2020 notice of

2

determination.  We therefore remand this case to the Board of Review and direct it to supplement the record with the transcript of the Tribunal's November 10 hearing and the agency's PUA handbook.  This must be done and the supplemented record returned to this court's clerk within thirty days of this opinion's date.

Remanded to supplement the record.

VIRDEN and GRUBER, JJ., agree.

*Amanda Sharum*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.